IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MONTROY SUITER,

    Petitioner,

v.                                                Civil Action No. 3:17CV513

COMMONWEALTH OF VIRGINIA,

    Respondent.

## MEMORANDUM OPINION

Petitioner, a Virginia inmate proceeding *pro se*, submitted a 28 U.S.C. § 2254 petition. (ECF No. 10.) Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he or she can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he [or she] has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "opportunity" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995))

(additional internal quotation marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his [or her] claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365–66). Fair presentation demands that a petitioner must present "'both the operative facts and the controlling legal principles' associated with each claim" to the state courts. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994, 995 (4th Cir. 1994).

In Virginia, to exhaust state remedies, a "petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006); *see also* Va. Code § 8.01–654(A)(1) (2007). "Whichever route the inmate chooses to follow, it is clear that [the inmate] ultimately must present his [or her federal habeas] claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them." *Banks v. Johnson*, No. 3:07CV746–HEH, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008) (second alteration added) (quoting *Graham v. Ray*, No. 7:05cv00265, 2005 WL 1035496, at *2 (W.D. Va. May 3, 2005); *see also Sparrow*, 439 F. Supp. 2d at 587.

By Memorandum Order entered on August 8, 2017, the Court mailed Petitioner the standardized forms for filing a 28 U.S.C. § 2254 petition and directed him to complete and return the forms. (ECF No. 2.) On August 23, 2017, the Court received from Petitioner the standardized forms for filing a 28 U.S.C. § 2254 petition. (ECF No. 3.) However, on the

2

submitted forms, Petitioner left blank the question inquiring whether he had "filed any other petitions, applications, or motions concerning [Petitioner's] judgment of conviction in any state court?" (*See id.* at 4.)

Accordingly, by Memorandum Order entered on October 13, 2017, the Court directed Petitioner, within twenty (20) days of the date of entry thereof, to re-complete the standardized forms for filing a 28 U.S.C. § 2254 petition and to show cause as to why his § 2254 petition should not be dismissed for lack of exhaustion. (ECF No. 8, at 1–2.) The Court explained that a failure to do so would result in the dismissal of Petitioner's § 2254 petition without prejudice to re-file after Petitioner has exhausted his state court remedies for all of his claims. (*Id.* at 2.)

On November 1, 2017, the Court received back from Petitioner the standardized forms for filing a 28 U.S.C. § 2254 petition ("§ 2254 Petition," ECF No. 10.) In his § 2254 Petition, Petitioner acknowledges he has not presented his claims to the Supreme Court of Virginia. (*See id.* at 6.) Rather, Petitioner contends that he appealed his conviction to the Southampton County Circuit Court, (*id.* at 3), and submitted another "petition[], application[], or motion[]"[1] to the Southampton Circuit Court. (*Id.* at 4.) However, when asked, "[d]id you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?" Petitioner checked the "No" boxes. (*Id.* at 6.) Further, in response to the form's prompt, "[i]f you did not appeal to the highest state court having jurisdiction, explain why you did not[,]" Petitioner stated "[b]ecause I never received anything back from the Circuit Court Clerk regarding my Motion for Direct Appeal." (*Id.*) Moreover, a review of the Supreme Court of

---

[1] Specifically, Petitioner has checked the "Yes" box that asks if he has filed "any other petitions, applications, or motions concerning [Petitioner's] judgment of conviction in any state court?" (§ 2254 Pet. 4.) However, in the section that prompts Petitioner to identify the "Nature of the Proceeding," Petitioner states only "Denied." (*Id.*) Moreover, the case numbers that Petitioner includes are criminal numbers. (*See id.*) Therefore, it is unclear to the Court what other "petition[], application[], or motion[]" Petitioner has submitted concerning his judgment of conviction. (*Id.*)

3

Virginia's case management system indicates that Petitioner's only appearance before the Supreme Court of Virginia was a criminal petition for appeal that was refused on July 7, 2006.[2] Therefore, it is apparent that Petitioner has not submitted his habeas claims to the Supreme Court of Virginia and thus, has not exhausted his state court remedies. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE. A certificate of appealability will be DENIED.[3]

Petitioner has also submitted a "Motion for Direct Appeal/Writ of Certiorari" wherein he requests relief from a sentence entered against him by the Southampton Circuit Court on May 30, 2017. (ECF No. 9, at 1; ECF No. 9-1, at 1–3.) Because Petitioner is attacking his conviction in the Southampton Circuit Court, as explained above, he is required to exhaust his state court remedies before this Court may consider a petition pursuant to 28 U.S.C. § 2254. Therefore, Petitioner's "Motion for Direct Appeal/Writ of Certiorari" (ECF No. 9) will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

M. Hannah Lauck
United States District Judge

Date: JAN 29 2018
Richmond, Virginia

---

[2] *See* http://www.courts.state.va.us/main.htm (select "Case Status and Information;" select "Supreme Court of Virginia" from drop-down menu; follow "ACMS-SCV" button; select "Appellant/Petitioner;" select the "Both" button under "Case Status;" type "Suiter, Montroy" in the "Name" field and follow the "Search" button).

[3] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Petitioner is entitled to further consideration in this matter.